UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br><br>                    Plaintiff,<br><br>v.<br><br>WARDEN BRIAN WILLIAMS, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-00381-CDS-NJK<br><br>THREE STRIKES ORDER |

I.   DISCUSSION

Plaintiff Anthony Bailey is a prisoner proceeding *pro se*. On March 1, 2022, he submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1, 1-2. On at least four prior occasions while incarcerated, however, Plaintiff has brought a court action or appeal that was dismissed on the grounds that it was frivolous.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $402.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Not all unsuccessful cases qualify as a strike under § 1915(g)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). If an action or an appeal "was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). "[D]ocket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)." *Andrews*, 398 F.3d at 1121. "[T]he § 1915(g) calculation includes claims dismissed prior to the effective date of the statute"—April 26, 1996. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

"Dismissed appeals that rely on district court findings that the appeal was not taken in good faith are the equivalent of a finding of frivolity and therefore count as a strike under

§ 1915(g)." *Gipbsin v. Roth*, No. 18-cv-03164, 2020 WL 4364649, at *5 (E.D. Cal. July 30, 2020) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)), *adopted by* 2020 WL 6196226 (E.D. Cal. Oct. 22, 2020); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (reaffirming *Knapp*'s holding that "two dismissed appeals counted as strikes because they relied on district court findings that the appeal [was] not taken in good faith, and lack of good faith in this context has been held to be equivalent to a finding of frivolity" (internal quotation marks and citation omitted)). Moreover, "an appeal may count as a strike pursuant to [§] 1915(g) when the appellate court denies a prisoner [*in forma pauperis*] status on appeal on grounds of frivolousness 'even though [the appellate court] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.'" *Gipbsin*, 2020 WL 4364649, at *5 (quoting *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015)).

Plaintiff accumulated at least four strikes before bringing this action. On three separate occasions, the Ninth Circuit adopted the district court's finding that Plaintiff's appeal was not taken in good faith, denied him permission to proceed *in forma pauperis*, and then dismissed the appeal for failure to prosecute when he failed to pay the filing fee. *Bailey v. Gunderson et al.*, No. 95-17213, ECF Nos. 9, 14 (9th Cir. 1996); *Bailey v. Hunnell*, No. 98-15212, ECF Nos. 15, 17 (9th Cir. 1998); *Bailey v. Leonhardt et al.*, No. 02-16378, ECF Nos. 12, 15 (9th Cir. 2002).[1] Each of these dismissals qualifies as a strike. *See, e.g., Blackwell v. Jenkins*, No. 19-cv-00442, 2021 WL 825747, at *3 (E.D. Cal. Mar. 4, 2021) ("The district court certified that the appeal was not taken in good faith. The appellate court reviewed the record and confirmed that plaintiff was not entitled to IFP status. The appellate court later dismissed plaintiff's appeal for failure to prosecute when he failed to pay the filing fee. An appellate court's reliance on a district court's finding that an appeal was not taken in good faith is equivalent to a finding of frivolity. Even if the dismissal of an appeal occurs later for another reason, the rejection of IFP status because an appeal is

---

[1] The Court takes judicial notice of the docket sheets for these appeals, which are attached as exhibits to this order.

2

frivolous counts as a dismissal and a strike for purposes of § 1915(g)." (internal quotation marks and citations omitted)), *adopted by* 2021 WL 1401836 (E.D. Cal. Apr. 14, 2021).[2]

Plaintiff incurred a fourth strike on May 9, 2018, when a court in this district dismissed one of his civil rights actions "with prejudice because it [was] frivolous and cannot be cured by amendment." *Bailey v. Herndon*, No. 16-cv-02595, 2018 WL 2136356, at *1 (D. Nev. May 9, 2018).

Because Plaintiff accumulated four strikes before filing this action, he may not proceed *in forma pauperis* unless he was "under imminent danger of serious physical injury" at the time he filed the Complaint. 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that availability of imminent-danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). The imminent-danger exception "functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger [of serious physical injury] stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Plaintiff has not satisfied the imminent-danger exception here. The Complaint alleges that Defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act by repeatedly cancelling Muslim Friday prayer services. ECF No. 1-1 at 3-10. Nothing in the Complaint suggests that Plaintiff was "under imminent danger of serious physical injury" when he filed this lawsuit. 28 U.S.C. § 1915(g). Because Plaintiff has accumulated at least four strikes and has failed to satisfy the imminent-danger exception, he must prepay the $402.00 filing fee in full to proceed with this action.

II.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

---

[2] *See also Morris v. Petersen*, No. 12-cv-02480, 2015 WL 4776088, at *2 (N.D. Cal. Aug. 13, 2015) (assessing strike where "district court certified that the appeal was not taken in good faith," and "[t]he Ninth Circuit agreed, required [plaintiff] to pay the full filing fee, and then dismissed the appeal when he failed to do so"); *Murillo v. McBride*, No. 11-cv-1560, 2014 WL 2858529, at *3 (S.D. Cal. June 23, 2014) (assessing strike where district court "determined that the appeal was not filed in good faith," and "the Ninth Circuit agreed that [p]laintiff's appeal was not taken in good faith," "denied [p]laintiff's motion to proceed IFP on appeal," and then dismissed the appeal "for failing to prosecute" when plaintiff "failed to pay the filing fee").

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $402.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the Complaint (ECF Nos. 1-1, 1-2) but will not file it at this time.

DATED this 14th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBITS

*Bailey v. Gunderson et al.*, No. 95-17213, ECF Nos. 9, 14 (9th Cir. 1996)
*Bailey v. Hunnell*, No. 98-15212, ECF Nos. 15, 17 (9th Cir. 1998)
*Bailey v. Leonhardt et al.*, No. 02-16378, ECF Nos. 12, 15 (9th Cir. 2002)

**PACER fee: Exempt**

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 95-17213 | **Docketed:** 11/21/1995 |
| **Nature of Suit:** 3550 Prisoner-Civil Rights | **Termed:** 02/07/1996 |
| Bailey v. Gunderson, et al | |
| **Appeal From:** U.S. District Court for Nevada, Reno | |
| **Fee Status:** Due | |

**Case Type Information:**
  1) prisoner
  2) state
  3) civil rights

**Originating Court Information:**
  **District:** 0978-3 : CV-94-00627-HDM
  **Trial Judge:** Howard D. McKibben, Senior District Judge
  **Date Filed:** 09/06/1994
  **Date Order/Judgment:**      **Date NOA Filed:**
  11/06/1995                    11/14/1995

**Prior Cases:**
  None

**Current Cases:**
  None

---

| | |
|---|---|
| ANTHONY BAILEY (State Prisoner: 36192)<br>     Plaintiff - Appellant, | Anthony Bailey<br>[COR LD NTC Pro Se]<br>HDSP - HIGH DESERT STATE PRISON (INDIAN SPRINGS)<br>P.O. Box 650<br>Indian Springs, NV 89070-0650 |
| v. | |
| LUPE GUNDERSON, individually and officially<br>     Defendant - Appellee, | Thomas Patton, Esquire, Deputy Attorney General<br>Direct: 702/687-4402<br>[COR LD NTC Dep State Aty Gen]<br>Heroes Memorial Building<br>Capital Complex<br>Carson City, NV 89702 |
| JOHN IGNACIO<br>     Defendant - Appellee, | Thomas Patton, Esquire, Deputy Attorney General<br>Direct: 702/687-4402<br>[COR LD NTC Dep State Aty Gen]<br>(see above) |
| NEVADA DEPARTMENT OF PRISONS, JOHN AND JANE DOES 1-10<br>     Defendant - Appellee, | Thomas Patton, Esquire, Deputy Attorney General<br>Direct: 702/687-4402<br>[COR LD NTC Dep State Aty Gen]<br>(see above) |

ANTHONY BAILEY,

        Plaintiff - Appellant,

 v.

LUPE GUNDERSON, individually and officially; JOHN IGNACIO; NEVADA DEPARTMENT OF PRISONS, JOHN AND JANE DOES 1-10,

        Defendants - Appellees.

| Date | | # | Description |
|---|---|---|---|
| 11/21/1995 | ☐ | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. CADS SENT (Y/N): n. setting schedule as follows: appellant's designation of RT is due 11/24/95; appellee's designation of RT is due 12/4/95; appellant shall order transcript by 12/14/95; court reporter shall file transcript in DC by 1/16/96; certificate of record shall be filed by 1/22/96; appellant's opening brief is due 3/1/96; appellees' brief is due 4/1/96; appellants' reply brief is due 4/15/96; [95-17213] (TM) [Entered: 11/21/1995 11:10 AM] |
| 12/04/1995 | ☐ | 2 | Sent Notice of Referral to district court. [95-17213] (XX) [Entered: 12/04/1995 03:35 PM] |
| 12/11/1995 | ☐ | 3 | Filed response of Howard D. McKibben to Sec. 1915 notice. Appeal filed in good faith (Y/N): NO CIVATT (XX) [Entered: 12/11/1995 05:21 PM] |
| 12/22/1995 | ☐ | 4 | Requested District Court casefile. (CIVATT) (XX) [Entered: 12/22/1995 09:56 AM] |
| 12/26/1995 | ☐ | 5 | Received orig District Court case file in one volume (CIVATT). (XX) [Entered: 12/26/1995 01:50 PM] |
| 01/10/1996 | ☐ | 6 | Filed Appellant Anthony Bailey's motion to proceed in forma pauperis, served on [2929516] (MOATT) [95-17213] (XX) [Entered: 01/11/1996 03:12 PM] |
| 01/10/1996 | ☐ | 7 | Filed original and 7 copies Appellant Anthony Bailey opening brief ( Informal: yes) 6 pages ; served on 1/3/96 [95-17213] (XX) [Entered: 01/11/1996 03:14 PM] |
| 01/12/1996 | ☐ | 9 | Filed order (Cynthia H. HALL, Melvin BRUNETTI): The DC has certified that this appeal is not taken in good faith. Our independent review of the record indicates that aplt is not entitled to IFP status for this appeal. (CITE) Accordingly, within 14 days of the date of this order, aplt shall pay to the DC the docketing and filing fees for this appeal and file proof of payment with this court. Failure to pay the fees will result in the automatic dismissal of the appeal by the clerk for failure to prosecute, regardless of further filings. 42-1. [6] If aplt pays the filing fee and files proof os such payment in this court, appellant's brief due 3/1/96; appellees' brief due 4/1/96; reply brief is due 14 days from service of the answering brief. No motions for recon, clarification or modification of this order shall be filed or entertained. [95-17213] (XX) [Entered: 01/12/1996 09:29 AM] |
| 01/19/1996 | ☐ | 11 | District court casefile returned in 1 vol CR. ( Certified Mail#: P 189 687 577) (XX) [Entered: 01/19/1996 03:58 PM] |
| 01/22/1996 | ☐ | 12 | Received letter from pro se dated 1/16/96 re: he has no money to pay fees. (sent letter quoting the 1/12/96 order) (XX) [Entered: 01/26/1996 04:24 PM] |
| 02/06/1996 | ☐ | 13 | Return receipt received P 189 687 577 Cert. no. signed for on 1/29/96. (XX) [Entered: 02/06/1996 03:14 PM] |
| 02/07/1996 | ☐ | 14 | Order filed (Dep. Clk. dg) dismiss case for failure to prosecute (C.R. 42-1) A certified copy of this order sent to the district court shall act as and for the mandate of this court. ( Procedurally Terminated Without Judicial Action; Default. ) [95-17213] (XX) [Entered: 02/07/1996 02:34 PM] |
| 02/12/1996 | ☐ | 16 | Received notification from District Court that docket fee has not been paid. ( Date: 2/8/96) [95-17213] (XX) [Entered: 02/12/1996 01:08 PM] |
| 07/08/1996 | ☐ | 17 | NO ORIGINAL RECORD (BL) [Entered: 07/08/1996 03:11 PM] |

**PACER fee: Exempt**

General Docket
United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 98-15212 | **Docketed:** 02/13/1998 |
| **Nature of Suit:** 3550 Prisoner-Civil Rights | **Termed:** 06/15/1998 |
| Bailey v. Hunnell | |
| **Appeal From:** U.S. District Court for Nevada, Reno | |
| **Fee Status:** Due | |

**Case Type Information:**
 1) prisoner
 2) state
 3) civil rights

**Originating Court Information:**
  **District:** 0978-3 : CV-96-00536-HDM(PHA)
  **Trial Judge:** Howard D. McKibben, Senior District Judge
  **Date Filed:** 08/21/1996
  **Date Order/Judgment:**                                   **Date NOA Filed:**
  01/27/1998                                                 02/02/1998

**Prior Cases:**
  None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 00-16228 | 00-15094 | 06/30/2000 | |
| | 00-16228 | 98-15212 | 06/30/2000 | |
| | 00-16228 | 98-16369 | 06/30/2000 | |

| | |
|---|---|
| ANTHONY BAILEY (State Prisoner: 36192)<br>  Plaintiff - Appellant, | Anthony Bailey<br>[COR LD NTC Pro Se]<br>HDSP - HIGH DESERT STATE PRISON (INDIAN SPRINGS)<br>P.O. Box 650<br>Indian Springs, NV 89070-0650 |
| v. | |
| RAY HUNNELL<br>  Defendant - Appellee, | Anne B. Cathcart, Esquire, Deputy Attorney General<br>[COR LD NTC Dep State Aty Gen]<br>AGNV - Nevada Office of the Attorney General<br>100 N Carson Street<br>Carson City, NV 89701<br><br>Thomas R.C. Wilson, Esquire<br>[COR LD NTC Dep State Aty Gen]<br>AGNV - Nevada Office of the Attorney General<br>100 N Carson Street<br>Carson City, NV 89701 |

ANTHONY BAILEY,

        Plaintiff - Appellant,

 v.

RAY HUNNELL,

        Defendant - Appellee.

| Date | | # | Description |
|---|---|---|---|
| 02/13/1998 | ☐ | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL FOR APLE AND APLT IN PRO SE. CADS SENT (Y/N): N. setting schedule as follows: appellant's opening brief is due 3/25/98; appellee's brief is due 4/24/98; appellant's optional reply brief is due 14 days from service of the answering brief. [98-15212] (Hom, Howard) [Entered: 02/13/1998 09:11 AM] |
| 02/13/1998 | ☐ | 2 | Filed certificate of record on appeal RT filed in DC n/a. [98-15212] (Hom, Howard) [Entered: 02/13/1998 09:15 AM] |
| 02/25/1998 | ☐ | 3 | Sent Notice of Referral to district court. Response to notice due 3/25/98. [98-15212] (XX) [Entered: 02/25/1998 03:23 PM] |
| 03/06/1998 | ☐ | 5 | Received Appellant Anthony Bailey's brief in 0 copies 6 pages (Informal: yes) deficient no copies: notified aplt. Served on 3/6/98 [98-15212] (XX) [Entered: 03/09/1998 10:07 AM] |
| 03/06/1998 | ☐ | 8 | Filed Appellant Anthony Bailey's motion to proceed in forma pauperis served on (no service) [3409263] (MOATT) [98-15212] (XX) [Entered: 03/09/1998 11:50 AM] |
| 03/09/1998 | ☐ | 7 | Filed response of Howard D. McKibben to Sec. 1915 notice. Appeal filed in good faith (Y/N): NO - MOATT (XX) [Entered: 03/09/1998 11:03 AM] |
| 03/18/1998 | ☐ | 9 | Received letter from pro se re: in response to brief deficiency letter, aplt states she cannot send copies. (MOATT) (XX) [Entered: 03/20/1998 09:47 AM] |
| 04/20/1998 | ☐ | 11 | Requested District Court casefile. (MOATT) (Kwong, Johnny) [Entered: 04/20/1998 10:41 AM] |
| 04/27/1998 | ☐ | 12 | Received orig. 15 copies Ray Hunnell's brief of 17 pages; served on 4/23/98 deficient: ifp pending [98-15212] (XX) [Entered: 04/28/1998 03:23 PM] |
| 05/01/1998 | ☐ | 13 | Received original District Court case file. (Kwong, Johnny) [Entered: 05/01/1998 11:44 AM] |
| 05/08/1998 | ☐ | 14 | Received orig. 0 copies Anthony Bailey's reply brief ( Informal: yes ) of 9 pages; served on 5/4/98 deficient ifp pending. [98-15212] (XX) [Entered: 05/08/1998 02:21 PM] |
| 05/15/1998 | ☐ | 15 | Filed order (Stephen S. TROTT, Ferdinand F. FERNANDEZ): The DC has certified that this appeal is not taken in good faith, and so has revoked aplt's IFP status. Our review of the record confirms that aplt is not entitled to IFP status for this appeal. (CITE). Accordingly, within 21 days after the date of this order, aplt shall pay $105 to the DC as the docketing and filing fees for this appeal and file proof of payment with this court. Failure to pay the fees will result in the automatic dismissal of the appeal by the clerk for failure to prosecute, regardless of further filings. 42-1. NO MOTIONS FOR RECON, CLARIFICATION, OR MODIFICATION of the denial of IFP status for thi  appeal  hall be filed or entertained  If aplt pay  the required fee  the clerk  hall file aplt  opening & reply briefs and make the necessary copies and file aple's brief. The case will be ready for calendaring after the filing of the briefs. [98-15212] (XX) [Entered: 05/15/1998 10:03 AM] |
| 06/01/1998 | ☐ | 16 | Received Appellant Anthony Bailey's motion to strike order of 5/15/98; served on 5/21/98 [3462034] (cannot accept per order of 5/15/98) [98-15212] (XX) [Entered: 06/01/1998 03:42 PM] |
| 06/08/1998 | ☐ | 18 | Received letter from pro se dated 5/31/98 re: wants copy of certification from DC. (sent copy to aplt) (XX) [Entered: 06/29/1998 12:47 PM] |
| 06/15/1998 | ☐ | 17 | Order filed (Dep. Clk. dg) dismiss case for failure to prosecute (C.R. 42-1) A certified copy of this order sent to the district court shall act as and for the mandate of this court. ( Procedurally Terminated Without Judicial Action; Default. ) [98-15212] (XX) [Entered: 06/15/1998 09:58 AM] |
| 07/06/1998 | ☐ | 20 | District court casefile returned. ( Certified Mail#: UPS) (Kwong, Johnny) [Entered: 07/06/1998 11:16 AM] |
| 10/14/1999 | ☐ | 21 | NO ORIGINAL RECORD (BL) [Entered: 10/14/1999 11:29 AM] |

**PACER fee: Exempt**

General Docket
United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 02-16378<br>**Nature of Suit:** 3555 Prison Condition<br>Bailey v. Leonhardt, et al<br>**Appeal From:** U.S. District Court for Nevada, Reno<br>**Fee Status:** Due | **Docketed:** 07/15/2002<br>**Termed:** 11/18/2002 |

**Case Type Information:**
  1) prisoner
  2) state
  3) civil rights

**Originating Court Information:**
  **District:** 0978-3 : CV-99-00414-HDM
  **Trial Judge:** Howard D. McKibben, Senior District Judge
  **Date Filed:** 07/30/1999
  **Date Order/Judgment:** 06/27/2002          **Date NOA Filed:** 07/08/2002

**Prior Cases:**

| | | | |
|---|---|---|---|
| 00-15094 | Date Filed: 01/19/2000 | Date Disposed: 03/27/2000 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 00-16228 | Date Filed: 06/30/2000 | Date Disposed: 12/28/2000 | **Disposition:** COA Denied - Judge Order |
| 01-71249 | Date Filed: 07/24/2001 | Date Disposed: 09/14/2001 | **Disposition:** Denied - Judge Order |
| 95-16507 | Date Filed: 08/10/1995 | Date Disposed: 10/15/1996 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 95-17087 | Date Filed: 11/03/1995 | Date Disposed: 01/25/1996 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 95-17213 | Date Filed: 11/21/1995 | Date Disposed: 02/07/1996 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 96-15609 | Date Filed: 04/10/1996 | Date Disposed: 01/24/1997 | **Disposition:** Affirmed - Memorandum |
| 96-16300 | Date Filed: 07/15/1996 | Date Disposed: 12/18/1996 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 97-17450 | Date Filed: 12/31/1997 | Date Disposed: 01/26/1998 | **Disposition:** COA Denied - Judge Order |
| 97-80037 | Date Filed: 01/29/1997 | Date Disposed: 02/21/1997 | **Disposition:** Denied - Judge Order |
| 98-15212 | Date Filed: 02/13/1998 | Date Disposed: 06/15/1998 | **Disposition:** Rule 42-1 Dismissal - Clerk Order |
| 98-16369 | Date Filed: 07/27/1998 | Date Disposed: 08/17/1999 | **Disposition:** Remanded - Memorandum |

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | 02-16378 | 02-73852 | 11/13/2002 | |

| | |
|---|---|
| ANTHONY BAILEY (State Prisoner: 36192)<br>    Plaintiff - Appellant, | Anthony Bailey<br>[NTC Pro Se]<br>HDSP - HIGH DESERT STATE PRISON (INDIAN SPRINGS)<br>P.O. Box 650<br>Indian Springs, NV 89070-0650 |
| v. | |
| JOHN LEONHARDT<br>    Defendant - Appellee, | Julie A. Slabaugh, Esquire, Senior Deputy Attorney General<br>Direct: 775-684-1131<br>Email: jslabaugh@ag.nv.gov<br>Fax: 775-684-1145<br>[COR LD NTC State Atty General]<br>AGNV - Nevada Office of the Attorney General<br>100 N Carson Street<br>Carson City, NV 89701 |
| ROBERT BAYER<br>    Defendant - Appellee, | Julie A. Slabaugh, Esquire, Senior Deputy Attorney General<br>Direct: 775-684-1131<br>[COR LD NTC State Atty General]<br>(see above) |
| FRANKIE S. DEL PAPA<br>    Defendant - Appellee, | Julie A. Slabaugh, Esquire, Senior Deputy Attorney General<br>Direct: 775-684-1131<br>[COR LD NTC State Atty General]<br>(see above) |

| | |
|---|---|
| JACKIE CRAWFORD<br>    Defendant - Appellee, | Julie A. Slabaugh, Esquire, Senior Deputy Attorney General<br>Direct: 775-684-1131<br>[COR LD NTC State Atty General]<br>(see above) |
| CAROL PLOYHAR<br>    Defendant - Appellee, | Julie A. Slabaugh, Esquire, Senior Deputy Attorney General<br>Direct: 775-684-1131<br>[COR LD NTC State Atty General]<br>(see above) |

ANTHONY BAILEY,

        Plaintiff - Appellant,

v

JOHN LEONHARDT; ROBERT BAYER; FRANKIE S. DEL PAPA; JACKIE CRAWFORD; CAROL PLOYHAR,

        Defendants - Appellees.

| Date | | # | Description |
|---|---|---|---|
| 07/15/2002 | ☐ | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL AND APLT PRO SE setting schedule as follows: appellant's designation of RT is due 7/18/02; appellee's designation of RT is due 7/29/02,, ; appellant shall order transcript by 8/7/02; court reporter shall file transcript in DC by 9/9/02; certificate of record shall be filed by 9/16/02 ; appellant's opening brief is due 10/24/02; appellees' brief is due 11/25/02,, ; appellants' reply brief is due 12/9/02. [02-16378] (GR) [Entered: 07/15/2002 04:11 PM] |
| 07/15/2002 | ☐ | 2 | Received document entitled "Notice of Appeal" by appellant Anthony Bailey. (CASEFILE) [02-16378] (RT) [Entered: 07/18/2002 04:32 PM] |
| 07/22/2002 | ☐ | 3 | Sent Notice of Referral to district court. [02-16378] (XX) [Entered: 07/22/2002 01:43 PM] |
| 07/22/2002 | ☐ | 4 | Received pro se aplnts Civil Appeals Docketing Statement, deficient; no proof of service; notified pro se aplnt: no. (CONFATT) [02-16378] [02-16378] (RT) [Entered: 07/24/2002 02:42 PM] |
| 07/31/2002 | ☐ | 5 | Filed response of Howard D. McKibben to Sec. 1915 notice. Appeal filed in good faith (Y/N): No MOATT (RT) [Entered: 08/02/2002 09:56 AM] |
| 08/05/2002 | ☐ | 6 | Filed Appellant Anthony Bailey's motion to proceed in forma pauperis, served on 8/2/02 (to MOATT) [02-16378] (RT) [Entered: 08/06/2002 03:02 PM] |
| 08/12/2002 | ☐ | 7 | Received Appellant Anthony Bailey's addendum (submission of financial certificate) supporting appellant's motion to proceed in forma pauperis, served on 8/6/02 (to MOATT) [02-16378] (RT) [Entered: 08/15/2002 02:50 PM] |
| 09/04/2002 | ☐ | 8 | Case rejected from Circuit Mediation Program. (SA) [Entered: 09/05/2002 08:39 AM] |
| 09/09/2002 | ☐ | 9 | Rec'd notice of change of address from Anthony Bailey for Appellant Anthony Bailey dated 8/30/02: Anthony Bailey, PO Box 650, Indian Springs, NV 89018. [02-16378] (RT) [Entered: 09/11/2002 02:14 PM] |
| 10/07/2002 | ☐ | 11 | Received Appellant Anthony Bailey's brief in 0 copies 5 pages w/exhibits attached (Informal: Yes) deficient fee not paid, no copies. Notified pro se aplnt: no - ifp motion pending. Served on 10/5/02 [02-16378] (RT) [Entered: 10/08/2002 02:24 PM] |
| 10/15/2002 | ☐ | 12 | Filed order ( Ferdinand F. FERNANDEZ, Susan P. GRABER, ): The district court has certified that this appeal is not taken in good faith, and so has revoked appellant's in forma pauperis status. Our review of the record confirms that appellant is not entitled to in forma pauperis status for this appeal and appellant's motion to proceed in forma pauperis is denied. See 28 U.S.C. Section 1915(a). Accordingly, appellant's motion to proceed in forma pauperis is denied. Within 21 days of the filing date of this order, appellant shall pay $105.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court. Failure to pay the fees will result in the automatic dismissal of the appeal by the Clerk for failure to prosecute, regardless of further filings. See 9th Cir. R. 42-1. No Motions for reconsideration, clarification, or modification of the denial of appellant's in forma pauperis status shall be filed or entertained. If appellant pays the fees as required and files proof of such payment in this court, appellant shall simultaneously show cause why the judgment challenged in this appeal should not be summarily affirmed. See 9th Cir. R. 3-6. If appellant elects to show cause, appellees may file a response within 10 days of service of appellant's response. If appellant fails to file a response to this show cause order, the Clerk shall dismiss this appeal for failure to prosecute. See 9th Cir. R. 42-1. Briefing is suspended pending further order of this court. [02-16378] (RT) [Entered: 10/15/2002 09:30 AM] |
| 11/04/2002 | ☐ | 14 | Received Appellant Anthony Bailey's motion to proceed in forma pauperis; served on 10/29/02 (CASEFILES - no motions for reconsideration of ifp status - see 10/15/02 order) [02-16378] (RT) [Entered: 11/05/2002 11:05 AM] |
| 11/18/2002 | ☐ | 15 | Order filed (Dep. Clk. MOATT: TK) dismiss case for failure to prosecute (C.R. 42-1) This court's October 15, 2002 order confirmed appellant was not entitled to in forma pauperis status for this appeal, and ordered appellant, within 21 days, to pay the filing fees and simultaneoulsy show cause why the order challenged in this appeal should not be summarily affirmed. The court's order further stated that no motions for reconsideration, clarification or modification of the denial of appellant's in forma pauperis status would be filed or entertained, and warned appellant that failure to respond to the order would result in the automatic dismissal of the appeal by the Clerk of the Court. To date, appellant has not paid the fees or responded to the court's order to show cause. Accordingly, this appeal is dismissed for failure to prosecute. See 9th Cir. R. 42-1. A certified copy of this order sent to the district court shall act as and for the mandate of this court. ( Procedurally Terminated Without Judicial Action; F.R.A.P. 42. ) [02-16378] (RT) [Entered: 11/18/2002 02:04 PM] |
| 12/05/2002 | ☐ | 16 | Received Appellant Anthony Bailey' s motion to recall court's 11/18/02 order where appellant has shown cause to be heard in forma pauperis; served on 11/27/02 (CASEFILE - no recons on ifp status) [02-16378] (RT) [Entered: 12/06/2002 03:12 PM] |
| 12/30/2002 | ☐ | 17 | Received from Appellant Anthony Bailey: " notice of appeal to this courts disregards for FRAP 24(2)". (CASEFILES) (RT) [Entered: 01/03/2003 12:20 PM] |
| 03/03/2005 | ☐ | 18 | NO ORIGINAL RECORD (XX) [Entered: 03/03/2005 08:45 AM] |