UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY, | Case No. 2:22-cv-00381-CDS-NJK |
| Plaintiff, | ORDER |
| v. | |
| WARDEN BRIAN WILLIAMS, *et al.*, | |
| Defendants. | |

**I.   DISCUSSION**

On June 14, 2022, this Court denied Plaintiff's application to proceed *in forma pauperis*, holding that because he had "accumulated at least four strikes and ha[d] failed to satisfy the imminent-danger exception, he must prepay the $402.00 filing fee in full to proceed with this action." ECF No. 4 at 3. As the Court explained, Plaintiff failed to show that he was "under imminent danger of serious physical injury" when he filed this lawsuit because the Complaint rested entirely on the allegation that Defendants had repeatedly canceled Muslim Friday prayer services at High Desert State Prison. *Id.* (quoting 28 U.S.C. § 1915(g)). Accordingly, the Court gave Plaintiff thirty days to pay the filing fee, noting that if he failed to do so, this action would be "dismissed without prejudice." *Id.* at 4.

On July 11, 2022, Plaintiff moved for reconsideration of the denial of his application to proceed *in forma pauperis*. ECF No. 5. Plaintiff offers no basis to reconsider the Court's conclusion that he incurred at least four strikes before filing this action. For example, Plaintiff argues that his strikes should be disregarded because the Attorney General's Office and the "Nevada courts" conspire to "protect their subordinates from liability." *Id.* at 6. This unsupported allegation does not show that the Court erred in calculating Plaintiff's strikes. More substantively, Plaintiff contends that he satisfied the imminent-danger exception based on several incidents that took place approximately four months after he filed the Complaint. *Id.* at 3-7.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. ECF No. 5. Because Plaintiff incurred at least four strikes before filing this action, he may not proceed *in forma pauperis* unless he was "under imminent danger of serious physical injury" at the time he filed the Complaint. 28 U.S.C. § 1915(g). In applying the imminent-danger exception, courts look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Thus, "[c]ourts have rejected attempts by prisoners to satisfy the 'imminent danger' requirement of [§] 1915(g) by raising new allegations of events that occurred after the prisoner's original complaint was filed." *Lewis v. Dep't of Soc. & Health Servs.*, No. 21-cv-1568, 2022 WL 370158, at *2 (W.D. Wash. Feb. 8, 2022) (collecting cases); *see also Brownlee v. Omosale*, No. 20-cv-01580, 2021 WL 275377, at *2 (N.D. Cal. Jan. 27, 2021) ("Here, the complaint was filed in March 2020 and the alleged attack occurred months later, in July. Therefore, [plaintiff] has not shown he was in imminent danger of serious physical injury at the time of filing.").

Plaintiff filed the Complaint in this action on March 1, 2022. ECF No. 1-1. Accordingly, the question is whether, as of that date, Plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his motion for reconsideration, Plaintiff alleges that on April 25, 2022, a judge in a different action permitted him to attend Muslim Friday prayer services. ECF No. 5 at 4. Two months later, on June 21, 2022, Plaintiff "lined up to attend" one such service. *Id.* At this point, prison officials—having "discovered" the Complaint in the present action—

allegedly "brandished shotguns and mace, threatening to cause physical harm to" Plaintiff and his co-religionists. *Id.* That same day, prison officials allegedly stripped Plaintiff of his "level #1" privileges, confining him to a cell for twenty-three hours a day. *Id.* This exacerbated Plaintiff's "acute illnesses," which prison officials have refused to adequately treat. *Id.* at 5-7.

These allegations do not satisfy the imminent-danger exception. As noted above, the availability of that exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053. The incidents described in the motion took place approximately four months after the Complaint was filed. Thus, those incidents do not establish that, at the time he filed his Complaint in March 2022, Plaintiff was under imminent danger of serious physical injury. *See Cruz v. Pfeiffer*, No. 20-cv-01522, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021) (holding that plaintiff failed to satisfy imminent-danger exception based on allegation that "he was assaulted by two other inmates in November 2020, after the complaint was filed, because he filed an administrative appeal against Defendants"). If Plaintiff wishes to pursue claims based on these new developments, he may file a new action in this district. If he seeks to proceed *in forma pauperis* in such an action, he must make a proper showing that he is under imminent danger of serious physical harm at the time the new complaint is filed.

Because Plaintiff has failed to show that the denial of his application to proceed *in forma pauperis* was erroneous, the Court denies his motion for reconsideration. ECF No. 5. In the interests of justice, the Court will *sua sponte* extend the deadline for Plaintiff to pay the full filing fee in this action. Plaintiff must pay the full filing fee within thirty days of entry of this order. If he fails to do so, this action will be dismissed without prejudice.

II.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (ECF No. 5) is denied.

. . .

. . .

. . .

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $402.00 filing fee in full within thirty (30) days of entry of this order.

DATED this 14th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE