UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ANTHONY BAILEY,<br><br>                    Plaintiff,<br><br>       v.<br><br>WARDEN BRIAN WILLIAMS, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-00381-CDS-NJK<br><br>ORDER |

Plaintiff Anthony Bailey brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On June 14, 2022, this Court denied Plaintiff's application to proceed *in forma pauperis* because he had three strikes under 28 U.S.C. § 1915(g) and failed to demonstrate that he was under imminent danger of serious physical injury. ECF No. 4. The Court gave Plaintiff until July 14, 2022, to pay the full $402 filing fee. *Id.* at 4. Plaintiff subsequently moved for reconsideration of the denial of his application to proceed *in forma pauperis*. ECF No. 5. The Court denied that motion, *sua sponte* extended the deadline for Plaintiff to pay the full filing fee to August 15, 2022, and warned him that failure to timely pay the filing fee would result in the dismissal of this action without prejudice. ECF No. 6 at 3-4. The August 15, 2022 deadline has passed, and Plaintiff has not paid the filing fee.

I.      DISCUSSION

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining

whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because the Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter another order setting a new deadline. But issuing another order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor

favors dismissal. In sum, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

II.     CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the full filing fee in compliance with the Court's June 14, 2022 and July 14, 2022 orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and pay the full $402 filing fee.

DATED this 23rd day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE